*238 Pfeifer, J.,
dissenting.
{¶ 25} I dissent. I would affirm the holding of the court of appeals that there is no final, appealable order in this case. I base this conclusion on the state of the record. The order committing the child to the temporary custody of the Cuyahoga County Department of Children and Family Services (“CCDCFS”) was never terminated. The court of appeals’ entry denying a motion to reconsider its denial of an en banc consideration of the case tells the story:
{¶ 26} “Once again, the denial of a state’s motion for permanent custody is not a final appealable order. Child is in protective custody of the county. Issues remain pending in the trial court.”
{¶ 27} In an entry signed February 1, 2009, the juvenile court judge originally terminated CCDCFS’s temporary custody, effective February 5, 2009; then, in response to a CCDCFS motion, in an order signed on February 3, 2009, the judge stayed the termination of temporary custody pending a February 27, 2009 hearing. Before that hearing was held, C.B.’s mother appealed to the court of appeals. I would hold that there was no final order in place for the mother to have appealed from.
{¶ 28} The case unfolded like this. In the judgment entry signed February 1, 2009, the juvenile court judge decreed:
{¶ 29} “The order heretofore made committing the child to the temporary custody of the Cuyahoga County Department of Children and Family Services is terminated effective February 5, 2009. The child is committed to the protective supervision of CCDCFS with the legal custody of the father, Anthony Wylie
{¶ 30} “Amended case plan to be filed with the following modifications: reinstatement of unsupervised visitation; progressive implementation for in-home visitation, bi-weekly extended visitation, and overnight weekend visitation; referral for family preservation to assist child and parent with transition needs and services including appropriate day care, medical care, etc.
{¶ 31} “This matter is continued to February 27, 2009 at 9:30 a.m. for a custody review hearing pursuant to O.R.C. § 2151.417(C), for preliminary hearing upon the [child support enforcement agency’s] motion to establish support filed April 18, 2006 and Attorney Witt’s motion for attorney fees filed 4-28-08.
{¶ 32} “Parties are advised that they have thirty (30) days from the date of this entry to file an appeal with the Court of Appeals.”
{¶ 33} Despite the fact that the entry bears the date of February 1, 2009, under the judge’s signature, a statement below that date reads, “Filed with the *239 clerk and journalized by Cuyahoga Juvenile Court Clerks [sic] Office, Volume 10, Page 2556, February 5, 2009, cjdmh.”
R. Brian Moriarty, for appellant C.B.
Jonathan N. Garver, for appellant Thomas Kozel, guardian ad litem, for C.B.
Anthony M. Wylie, pro se.
Judith L. Layne, urging reversal for amicus curiae Guardian Ad Litem Project.
{¶ 34} On February 3, 2009, CCDCFS filed a motion for modification of the dispositional order and requested an immediate hearing. The agency asked that its temporary custody be extended to April 16, 2009.
{¶ 35} In response, the judge released another order:
{¶ 36} “This matter came on for consideration this 3rd day of February, 2009 before the Honorable Judge Alison L. Floyd upon the [sic] with prayer for as [sic] to the Child heretofore judged to be dependent.
{¶ 37} “Whereupon the Court finds that CCDCFS through counsel has entered a written notice for modification of dispositional order. The Court, upon its own motion, shall stay its order terminating the agency temporary custody of the child pending hearing on February 27, 2009.
{¶ 38} “It is therefore ordered that the Court’s prior order terminating the temporary custody of CCDCFS effective February 5, 2009 is stayed from execution pending review hearing on February 27, 2009 at 9:30 a.m. and for preliminary hearing upon the agency’s motion for modification of the dispositional order of February 1, 2009.”
{¶ 39} This order was dated February 3, 2009, beneath the judge’s signature line. Again, a separate statement below that date states that the order was filed on February 5, 2009: “Filed with the clerk and journalized by Cuyahoga County Juvenile Court Clerks [sic] Office, Volume 10, Page 2138, February 5, 2009, cjds3.”
{¶ 40} C.B.’s mother filed a notice of appeal on February 5, 2009. Nothing in the record indicates that the February 27, 2009 hearing that may have modified the court’s decision ever occurred. There was no final order to form the basis of an appeal. This case was not over at the juvenile court level. Although the juvenile court’s handling of this case until this point inspires little confidence, the correct disposition here is to affirm the judgment of the court of appeals and remand the case to the juvenile court for a resolution.
*240 Katherine Hunt Federle, urging reversal for amicus curiae Justice for Children Project.